# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY FRITZ, | : | No. 1:11-cv-2104 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| RAY MABUS, Secretary of the Navy, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

## May 29, 2013

As the parties are intimately aware, the above-captioned action was brought by Plaintiff Troy Fritz ("Plaintiff") who alleges that the Defendant, sued in his representative capacity as Secretary of the Navy and on behalf of the Navy itself, discriminated against him on the basis of both his age and his gender by denying him a promotion that was ultimately granted to a younger, female candidate. As required by the law, the Plaintiff's gender discrimination claim pursuant to Title VII, 42 U.S.C. § 2000e-2 *et seq.*, was submitted to the jury while the Plaintiff's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, was submitted to the Court. At the conclusion of the trial, the jury returned a verdict in favor of the Defendant and against the Plaintiff as to the gender discrimination claim. Thereafter, the Court orally from the bench directed

counsel to submit suggested findings of fact and conclusions of law to aid us in resolution of the Plaintiff's remaining ADEA claim. Both parties have since submitted proposed findings and conclusions (docs. 97, 98) and the Court is prepared to render a verdict. In aid thereof, the Court adopts the following findings of fact and conclusions of law:

## A.    Findings of Fact

1.    The Plaintiff is Troy Fritz, age fifty-seven (57) at the time of the selection at issue in this case and a civilian employee of the Defendant's facility in Mechanicsburg, Pennsylvania, since January of 1981.

2.    In 2010, a GS-9/11 Load Plan/Supply Systems Analyst position became available at the Defendant's Mechanicsburg facility.

3.    Both Pam Weems and Ed Darhower were subject matter experts with knowledge of the Supply Systems/Load Plan Analyst position for which Amanda Crockett and the Plaintiff both applied, including knowledge of its duties and the skills necessary to successfully perform those duties.

4.    The Defendant complied with the Merit Promotion Program in its selection decision for the Load Plan/Supply Systems Analyst position.

5.    Specifically, the applicants' resumes were evaluated by Janice Luke, a human resources specialist, in determined who was qualified to fill the position;

all qualified applicants were interviewed (except one male who withdrew before the interviews); and the interview questions utilized by Pam Weems and Ed Darhower were related to the Load Plan/Supply Systems Analyst position.

6.     The decision to rely solely on scored interviews in deciding who to select for the Load Plan/Supply Systems Analyst position, which method had been used for at least six years at the ammunition branch of the NAVSUP GLS, was an appropriate business decision and was not done so as to make a selection based on any one individual's age.

7.     Pam Weems and Ed Darhower properly scored each applicant's interview responses based upon the answers each applicant provided during the interview and said scores were not predetermined, adjusted, or in any way a result of the Plaintiff's age or the age of any other candidate.

8.     Pam Weems and Ed Darhower selected Amanda Crockett for the Load Plan/Supply Systems Analyst position over the Plaintiff because of her far better performance during the interview; the decision was not based on either the Plaintiff's or Ms. Crockett's age.

9.     The Court finds the testimony of Pam Weems, Ed Darhower, Dave Fernandez, Amanda Crockett, Pete Lindsay, Denise Almazan, and Alice McGrath credible.

10. Age played no role in the Plaintiff's non-selection for the Load Plan/Supply Systems Analyst position.

**B.  Conclusions of Law**

1. This Court has jurisdiction over the Plaintiff's age discrimination claim pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a.

2. Plaintiff failed to prove by the preponderance of the evidence that, but for his age, the Defendant would have selected him for the Load Plan/Supply Systems Analyst promotion, thus failing to satisfy an essential element of his ADEA claim.

3. Judgment is appropriately entered in favor of the Defendant, Ray Mabus, Secretary of the Navy, and against the Plaintiff, Troy W. Fritz.

4. Based on the foregoing, the Court finds that the Plaintiff has failed to prove by a preponderance of the evidence that the Defendant discriminated against him in violation of the Age Discrimination and Employment Act, 29 U.S.C. § 621. Accordingly, judgment will be entered in favor of the Defendant and against the Plaintiff. An appropriate order shall follow.